# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| KRISTAIN COPELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:12-cv-00215 |
| ) | Judge Nixon |
| SAM'S EAST, INC., ) | Magistrate Knowles |
| ) | |
| Defendant. ) | |

## CASE MANAGEMENT ORDER

### A. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a). Defendant removed the case from the Circuit Court of Davidson County, Tennessee, based on diversity of citizenship and because the amount in controversy more than likely exceeds $75,000.00.

### B. THEORIES OF THE PARTIES

#### 1. PLAINTIFF

Plaintiff was sexually harassed while employed by the defendant at Sam's Club owned and operated by Sam's East Inc. The plaintiff worked in the meat Department with Billy Rutcher. Mr. Rutcher made inappropriate sexual comments to plaintiff and touched plaintiff in an inappropriate sexual manner. Plaintiff reported this behavior to management who failed to appropriately discipline the harasser. After the reporting the harasser badmouthed and intimidated the plaintiff. This was reported to management who was told that she did not want to work with the harasser anymore. Defendant failed to separate plaintiff from the harasser in spite of plaintiff's repeated request and complaints about ongoing conduct. Plaintiff reiterated to management that she could not work with the harasser anymore. The defendant's response was

1

to wish the plaintiff good luck instead of remedying the harassing behavior. Plaintiff alleges this constitutes a constructive discharge.

Plaintiff sues the defendant for all damages available under the Tennessee Human Rights Act. These damages include but are not limited to embarrassment and humiliation, lost wages, loss benefits, attorneys fees and costs if plaintiff is the prevailing party. Plaintiff further seeks any additional relief that the Court deems appropriate.

## 2. DEFENDANT

Defendant is not liable for the alleged sexual harassment that Plaintiff claims happened because it took prompt and appropriate corrective action when Plaintiff complained once that an Associate made inappropriate comments to her on July 15, 2011. Specifically, Plaintiff complained that an Associate commented on her chest and asked her to perform sexual acts on him. In response, Defendant immediately conducted an investigation, which substantiated only that an Associate made an inappropriate comment to Plaintiff. As a result, Defendant disciplined the alleged harasser, and Plaintiff never complained again. In fact, while employed with Defendant, Plaintiff made only this one complaint regarding an inappropriate comment and never complained that anyone groped her in a sexual manner. After the resolution of this incident, Plaintiff abandoned her job, and Defendant terminated her employment on August 17, 2011.

## C. ISSUES RESOLVED

The parties do not dispute jurisdiction and venue.

## D. ISSUES STILL IN DISPUTE

Liability and damages are still in dispute.

### E.  INITIAL DISCLOSURES

The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before May 11, 2012.

### F.  DISCOVERY

The parties shall complete all written discovery and depose all fact witnesses on or before February 1, 2013.  Discovery is not stayed during dispositive motions, unless ordered by the Court.  Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts.  No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences. The deadline for filing discovery-related Motions regarding fact discovery is February 8, 2013.

### G.  MOTIONS TO AMEND

The parties shall file all Motions to Amend the Pleadings on or before May 31, 2012.

### H.  DISCLOSURE OF EXPERTS

The plaintiff shall identify and disclose all expert witnesses and expert reports on or before November 23, 2012.  The defendant shall identify and disclose all expert witnesses and reports on or before December 28, 2012.

### I.  DEPOSITIONS OF EXPERT WITNESSES

The parties shall depose all expert witnesses on or before February 15, 2013.

### J.  _____

.

### K.  DISPOSITIVE MOTIONS

The parties shall file all dispositive motions on or before March 15, 2013.  Responses to

dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages.

.

.

.

## L. ELECTRONIC DISCOVERY

The parties have reached agreements on how to conduct electronic discovery. Thus, the default standard containing Administrative Order No. 174 need not apply in this case.

## M. ESTIMATED TRIAL TIME

The parties expect the trial to last approximately three (3) to four (4) days. The bench trial is set for July 30, 2013, at 9:00 a.m. before Judge Nixon. The Pretrial Conference is set for July 19, 2013, at 10:00 a.m.
It is so **ORDERED**.

MAGISTRATE JUDGE E. CLIFTON KNOWLES


APPROVED FOR ENTRY:

s/ Stephen Crofford                                            
Stephen Crofford (TN No. 12039)
Mary Parker (TN No. 6016)
1230 2nd Ave. S.
Nashville, TN 37210
stephencrofford@msn.com
mparkerlaw@aol.com

Attorneys for Plaintiff Kristain Copeland